**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Holli Wrice,

      Petitioner,

v.

Michael Segal,
*Warden, FCI Waseca*

      Respondent.

Case No. 25-cv-2922 (SRN/DTS)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Petitioner Holli Wrice brings this habeas petition under 28 U.S.C. § 2241. She alleges that the Federal Bureau of Prisons (BOP) miscalculated her sentence by failing to apply a 26-month sentence reduction ordered by the Eastern District of Missouri to her aggregate sentence. Am. Pet. 2, Dkt. No. 3. The Court has previously detailed the facts and procedural history of this case and incorporates by reference its earlier summaries. *See* Order 1-2, Dkt. No. 19; Order 1-3, Dkt. No. 28. For the reasons set forth below, the Court recommends her petition be denied.

**CONCLUSIONS OF LAW**

**I.    Jurisdiction**

Respondent argues Wrice's petition is not cognizable under 28 U.S.C. § 2241 because she is challenging the validity of her sentence. Resp't's Resp. 9-11, Dkt. No. 11. It contends that the proper vehicle for Wrice's claim is a 28 U.S.C. § 2255 motion, which must be filed in the sentencing court. *See id.* Therefore, Respondent requests that this

matter be transferred to the Eastern District of Missouri. Resp't's Suppl. Resp. 3, Dkt. No. 33.

If a petitioner seeks to challenge her federal-court conviction or sentence, she must bring a motion under § 2255 in the district of her sentencing. *See Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). Section 2241 motions, by contrast, are used to challenge a sentence's execution, not its imposition, and are filed in one's district of incarceration. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002); *Deroo v. United States*, 709 F.3d 1242, 1244 (8th Cir. 2013). As such, the remedy to challenge the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to § 2241. *Barker v. Warden F.C.I. Sandstone*, No. 16-cv-3458, 2017 WL 10979054, at *3 (D. Minn. Oct. 10, 2017) (citing *Matheny*, 307 F.3d at 711).

Wrice presents a cognizable § 2241 petition. She initially filed her amended petition in the Eastern District of Missouri. *See* Am. Pet. 1. However, because Wrice is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota, *see id.*, the Missouri court transferred her petition to the District of Minnesota, Order, Dkt. No. 6. In doing so, the court recognized that Wrice "challenges the execution of her federal sentence." *Id.* at 1.

Respondent argues that Wrice contests the validity of her sentence, but the petition does not support that characterization. Wrice challenges the BOP's calculation of her sentence, not the sentence imposed by the sentencing court. *See* Am. Pet. 1. Because Wrice's petition concerns the execution of her sentence and she is incarcerated in this District, her claim is properly brought under § 2241.

2

## II.    Exhaustion of Administrative Remedies

A federal prisoner generally must exhaust BOP administrative remedies before seeking habeas relief under 28 U.S.C. § 2241. However, the exhaustion prerequisite is judicially created, and courts may hear unexhausted grievances where proceeding with the remedies process would be futile. *E.g., Raymond v. Bd. of Regents of the Univ. of Minn.,* 847 F.3d 585, 591 (8th Cir. 2017).

Respondent argues that Wrice's habeas petition must be denied because she failed to exhaust her administrative remedies with the BOP before filing her petition. Resp't's Resp. 11-14. The BOP Administrative Remedy Process detailed in 28 C.F.R. § 542.10-19 includes four essential steps. Bush Decl. ¶ 3, Dkt. No. 12. First, an inmate must seek informal resolution with prison staff using a Requests for Informal Resolution Form (BP-8). *Id*. Second, if no informal resolution is met, she may then file a formal Request for Administrative Remedy (BP-9) with the Warden. *Id.* Third, if the inmate is dissatisfied with the Warden's response, she can appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal (BP-10). *Id.* Finally, if dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. by filing a Central Office Administrative Remedy Appeal (BP-11). *Id.* This is the final administrative appeal. *See id.*

Wrice did not complete this process with respect to her claim. As Respondent notes, although Wrice filed administrative remedies during her incarceration, "none of the remedies establish that there was an exhausted claim as to the allegation that the BOP had failed to follow the Court order regarding the 26-month reduction." *Id.* at ¶ 13. Wrice

3

also acknowledges she did not exhaust administrative remedies because she "didn't feel…it needed to be done in a matter like this." Dkt. No. 15 at 2.

Nevertheless, the Court finds that requiring Wrice to exhaust her administrative remedies would be futile. The record shows that Wrice had a telephone conference with the BOP Support Program Office on January 29, 2025, regarding the calculation of her sentence. Dkt. No. 16 at 2. After that conference, Wrice received a letter stating that "[t]he Designation and Sentence Computation Center conducted a thorough review of Wrice's federal computation...It was determined the current computation computed is correct, resulting in no changes within the projected release date of August 15, 2029." *Id.* Thus, the BOP has already "thorough[ly] review[ed]" the same sentence computation issue Wrice raises here and determined that no change is warranted. Because the BOP's position has remained unchanged since that review, it is evident that its decision on the calculation of Wrice's sentence would be no different if Wrice were required to complete the administrative review process. Accordingly, the Court will proceed to consider the merits of Wrice's habeas petition. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004) (considering merits of § 2241 habeas petition because continued use of administrative procedures would be futile); *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (considering merits of § 2241 petition despite alleged failure to exhaust administrative remedies).

III.    **Sentence Calculation**

Wrice asserts that the BOP failed to apply the 26-month reduction ordered by the Eastern District of Missouri to her aggregate 280-month sentence and, as a result, incorrectly calculated her projected release date as 2029 rather than 2027. *See* Am. Pet.

4

4. Respondent argues the BOP properly calculated Wrice's sentence because the 26-month reduction applied only to her Eastern District of Missouri sentence and did not modify the separate 280-month aggregate sentence imposed by the Southern District of Illinois. *See* Resp't's Resp. 15-19. The Court agrees with Respondent.

Wrice initially received two separate federal sentences: a 147-month sentence in the Eastern District of Missouri, Patterson Decl. ¶ 9, Ex. 1 at 1-2, Dkt. No. 13-1, and a 346-month sentence in the Southern District of Illinois to run consecutively with the first sentence, *id*. at ¶ 11, Ex. 4 at 1-2, Dkt. No. 13-4. The Southern District of Illinois later reduced the Illinois sentence and ordered the Missouri and Illinois sentences to run concurrently, resulting in an aggregate term of 280 months. *Id*. at ¶ 12, Ex. 5, Dkt. No. 13-5. In 2020, pursuant to an agreement with the United States Attorney's Office, the Eastern District of Missouri ordered Wrice's Missouri sentence be reduced by 26 months, from 147 months to 121 months. *Id*. at ¶ 13, Ex. 2 at 2, Dkt. No. 13-2. The BOP applied that reduction to Wrice's Missouri sentence. *Id*. at ¶ 17, Ex. 10 at 1, Dkt. No. 13-10. But because the Missouri sentence remained shorter than the 280-month total concurrent sentence imposed by the Southern District of Illinois, the reduction did not change Wrice's aggregate sentence or her projected release date. *See id.*

Multiple concurrent terms of imprisonment are treated by the BOP, "for administrative purposes[,] as a single, aggregate term." 18 U.S.C. § 3584(c). But concurrent sentences remain legally distinct. *See United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) (noting that "concurrent sentences are separate and distinct sentences; that the sentences run concurrently merely means ... the privilege of serving each day a portion of each sentence.") (internal quotation marks and citation omitted).

5

Thus, a reduction to one concurrent sentence does not necessarily reduce the aggregate term controlling an inmate's release date.

The record reflects that the Eastern District of Missouri reduced only Wrice's Missouri sentence. Following the Court's prior Order, Respondent submitted a declaration from Tiffany Becker, the Assistant United States Attorney involved in the 2020 sentence reduction proceedings. Dkt. No. 35. Becker states that the 2020 reduction "was limited to Holli Wrice's Eastern District of Missouri sentence." *Id*. at ¶ 7. The agreement underlying the reduction also acknowledged that Wrice still had "over nine years remaining on her sentence in the Southern District of Illinois, arising out of another…offense." *Id*. Accordingly, the court-ordered sentence reduction applied only to Wrice's Missouri sentence, not her aggregate sentence.

Wrice's evidence does not indicate otherwise. She submitted a letter from her defense counsel stating: "[o]ur fingers are crossed that Team Tango will adjust your sentence based on their policy that sentences from different districts are 'aggregated' and that your projected release date will be sooner than it was before." Dkt. No. 25. This letter suggests Wrice and her counsel may have hoped or believed the Missouri reduction would affect her aggregate sentence. But the relevant question is what the sentencing court ordered. Becker's declaration and the underlying reduction agreement show that the reduction applied only to Wrice's Missouri sentence, not the separate aggregate sentence imposed by the Southern District of Illinois.

The Court recognizes Wrice's frustration that the 26-month reduction did not change her projected release date. But because the longer Illinois sentence controls the aggregate term, reducing the shorter Missouri sentence did not reduce the total 280-

month sentence. The BOP applied the 26-month reduction to Wrice's Missouri sentence as ordered, and Wrice has not shown the BOP miscalculated her sentence or projected release date. Accordingly, the Court recommends that the petition be denied.

## IV.    Evidentiary Hearing

Because Wrice's petition can be resolved on the record, an evidentiary hearing is unnecessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983) ("[D]ismissal of the habeas petition without a hearing is proper where ... the dispute can be resolved on the basis of the record.") (citation omitted).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.    Petitioner Holli Wrice's Amended Habeas Petition (Dkt. No. 3) be DENIED;

2.    Respondent's request to transfer Wrice's Amended Habeas Petition to the Eastern District of Missouri (Dkt. No. 33) be DENIED AS MOOT;

3.    This matter be DISMISSED WITH PREJUDICE.


Dated: May 15, 2026                     ___s/David T. Schultz_____
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).